**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**MARC ANTON CRUMP,**

    **Plaintiff,**

**vs.**                                                      **CASE NO. 1:06CV192-MMP/AK**

**SHERIFF STEPHEN M. OLERICH,**

    **Defendant.**

                                         /

**O R D E R**

Plaintiff, an inmate proceeding pro se and in forma pauperis, has filed his second amended complaint, and provided a service copy. (Doc. 20). However, prior to service of the complaint it was noted that the named Defendant, Stephen Oelrich, is no longer sheriff of Alachua County, and no other address has been provided for him. Plaintiff does not identify whether he is suing the sheriff in his official or individual capacity. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, the substitution of public officers sued in their official capacity is automatic and may be accomplished by Court Order. However, it is not clear from the limited facts set forth in the second amended complaint whether Plaintiff is suing Oelrich solely because he was the sheriff and in "command" of the jail or because Oelrich took some personal action against Plaintiff with regard to holding him illegally. Where the complaint is unclear on whether the officials are sued personally, in their official capacity, or both, the court must look to the course of the proceedings which will *usually* indicate the nature of the liability to be imposed. Hobbs v. E.E. Roberts, 999 F.2d 1526, 1528 (11 Cir. 1993). The question is

whether the Plaintiff is reasonably seeking relief from the state coffers or from the individual's assets.  Id.  Because there has been no "course of the proceedings" yet, and the facts, as set forth in the complaint, are so limited, it cannot go forward without additional information from Plaintiff.  If he is suing the Sheriff of Alachua County in his or her official capacity, he must state this specifically.  Plaintiff should be aware that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity for his actions in administering operations at the jail because in conducting these duties he acts as an "arm of the State."  Manders v. Lee, 338 F.3d 1304, 1305 (11th Cir. 2003 (en banc).  Such immunity would result in dismissal of his lawsuit since only injunctive relief may be awarded against state officials sued in their official capacities.  Penhurst State School & Hospital v. Halderman, 465 U.S. 89, 98 (l984).  Plaintiff is seeking money damages for the time he was allegedly illegally incarcerated since he was apparently released.

If Plaintiff is suing Stephen Oelrich in his individual capacity for personal acts undertaken against him that resulted from detaining him illegally he must make this clear and provide an address for service of process upon Oelrich, since he is no longer at the Alachua County Sheriff's Office.  Thus, Plaintiff must file a Third Amended Complaint, in conformity with the directives set forth in this order.  If he is alleging personal acts by Oelrich he must specify what those acts were and provide his current address for service of process.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Third Amended Complaint."  Plaintiff is advised that the

No. 1:06cv192-MP/AK

amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.

Accordingly, it is

**ORDERED:**

Plaintiff shall file a Third Amended Complaint, as set forth above, on or before **June 26, 2008.**

**DONE AND ORDERED** this __5th__ day of June, 2008.

      _s/ A. KORNBLUM_
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

No. 1:06cv192-MP/AK